SUPERIOR COURT OF WASHINGTON FOR KITSAP COUNTY

| | |
|---|---|
| MARK MORITZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., a foreign profit corporation licensed to do and doing business in the State of Washington,<br><br>Defendant. | NO. 3:22-cv-5595<br><br>(KITSAP COUNTY SUPERIOR COURT CAUSE NO. 22-2-00900-18)<br><br>NOTICE OF REMOVAL BY DEFENDANT WALMART INC.<br><br>***(CLERK'S ACTION REQUIRED)*** |

TO: CLERK OF THE COURT;

AND TO: PLAINTIFF'S COUNSEL OF RECORD

I. RELIEF REQUESTED

Defendant WALMART INC. ("Walmart") seeks to remove the above-captioned case from Kitsap County Superior Court in Washington State to the United States District Court for the Western District of Washington at Tacoma under 28 U.S.C. §§ 1332, 1441, and 1446.

II. STATEMENT OF FACTS

1. Underlying Incident

Plaintiff MARK MORITZ ("Plaintiff") alleges that he "slipped/tripped and fell resulting in personal injury and other damages" while walking in the checkout area of a Walmart Supercenter in Poulsbo, Washington, on February 6, 2022. *See* Declaration of Eddy Silverman, attached hereto as **Exhibit A**; *see also* Summons and Complaint, attached hereto as



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

**Exhibit B**.

2. Relevant Procedural Facts

Plaintiff filed a Complaint in the Superior Court of Washington for Kitsap County on June 6, 2022. *See* Ex. B. Plaintiff served Walmart with a copy of the Summons and Complaint on June 10, 2022. *See id.*

The Complaint does not contain a statement of damages sought (in compliance with RCW 4.28.360) and is vague with respect to the nature and/or extent of the injuries allegedly sustained. *See generally* Ex. B. For instance, the Complaint does not say what part of the body Plaintiff injured or what type of injury he sustained. *See id.*

On June 23, 2022, Walmart served Plaintiff with an RCW 4.28.360 Request for Statement of Damages ("RSD") and First Set of Interrogatories and Requests for Production of Documents ("initial written discovery"). *See* RSD & Pl.'s response letter, attached hereto as **Exhibit C**; *see also* Pl.'s Resp. to initial written discovery, attached hereto as **Exhibit D**. Plaintiff's counsel responded to Walmart RSD on July 6, 2022, with myriad objections and an incomplete statement of damages, claiming a small amount of past medical expenses while suggesting that mileage, lost wages, and future medical expenses might be sought eventually but were all "unknown at this time." *See* Ex. C. Plaintiff offered similarly vague representations concerning actual amounts claimed in their responses to Walmart's initial written discovery; however, these responses shed light on the nature of the injury claimed. In response to Interrogatory No. 13, asking Plaintiff to "state your understanding of the injury or injuries you sustained," Plaintiff responded, **"right leg broken in two areas and five fractures and foot swelling."** Ex. D. Plaintiff also affirmed that he was, in fact, claiming past lost wages, possibly future lost wages, and still actively treating his injuries. *Id.*, Resp. to Interrogs. 15, 17.

///



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

## III. STATEMENT OF ISSUE

Whether this case may be properly removed to federal court where discovery responses served in the state court matter plausibly establish that the amount in controversy exceeds the jurisdictional threshold of $75,000 and where there is total diversity on the face of the Complaint, and where Walmart is seeking to remove within 30 days of service of the aforementioned discovery responses on Walmart.

## IV. EVIDENCE RELIED UPON

This motion is based upon the records and pleadings on file with the Court and the Declaration of Eddy Silverman, Esq., attached hereto as Exhibit A.

## V. ARGUMENT

### A. This Case Is Removable Under 28 U.S.C. § 1332, Through Which This Court Has Original Jurisdiction Over The Lawsuit Filed By Plaintiff In Kitsap County Superior Court

The district courts shall have original jurisdiction of all civil actions where (1) the parties in the case are diverse as defined by 28 U.S.C. § 1332(a)(1)-(4), and where (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. The amount in controversy can either be evident "on the face" of the Complaint or ascertained via some later pleading(s) or "other paper" in the record of the state court proceeding. *See* 28 U.S.C. § 1446(b)(3); *see also Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689 (2005). "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding **or discovery responses** shall be treated as 'other paper' under subsection (b)(3)." 28 U.S.C. 1446(b)(3). A defendant's notice of removal need only include a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). *C.f. Green v. Metal Sales Mfg. Corp.*, 394 F. Supp. 2d 864 (S.D. W. Va.



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

2005) (considering the plaintiff's allegation of "severe fracture" in finding that amount in controversy "clearly" exceed $75,000); *Bracken v. Dolgencorp, LLC*, 2018 WL 6249715, at *5 n. 47 (E.D. Pa. 2018) (citing more than a half-dozen cases wherein defendants "could have reasonably and intelligently concluded the amount in controversy exceeded $75,000" based on the nature of injuries alleged).

When and how removability is "ascertainable" matters with respect to whether removal is timely under 28 U.S.C. § 1446. There are, generally speaking, two viable "removal periods." *See Harris*, 425 F.3d at 694. [1] A defendant has 30 days to remove a case if the removability of the case is evident on the face of the complaint, or [2] a defendant has 30 days beyond some later period from which it first becomes ascertainable that the case is removable. *See id.* ("[T]he first thirty-day requirement [to remove] is triggered by the defendant's receipt of an 'initial pleading' that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is 'not removable' at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives ['other paper'] from which it can be ascertained…that removal is proper.") (citations omitted). The receipt of information "relating to" the amount in controversy in responses to discovery, that sheds light on the nature and extent of damages, can be a triggering event—Accord 28 U.S.C. 1446(b)(3).

In this case, diversity between the parties is evident on the face of the Complaint. The amount in controversy was not apparent on the face of the Complaint nor ascertainable from the Complaint allegations; however, information that Walmart received subsequently in response to written discovery has made it reasonably plausible and/or ascertainable that the amount in controversy in this matter is in excess of $75,000. Finally, insofar as Walmart is filing this Notice of Removal within 30 days of service of the subject information, Walmart's Notice is timely, and this case may be properly removed under 28 U.S.C. §§ 1446(b) and 1332.

///



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

1. <u>There Is Diversity Between The Parties</u>

According to the Complaint, Plaintiff is a Skagit County, Washington resident. Ex. B at ¶1.1. Thus, Plaintiff is a "citizen of" Washington State. Walmart Inc. is (a) incorporated in Delaware, and (b) its principal place of business is in Arkansas. Thus, Walmart is a "citizen of" either Delaware or Arkansas, but <u>not</u> Washington State. *See* 28 U.S.C. 1332(c)(1) (explaining how to determine *corporate* citizenship). Based on the foregoing, there is total diversity between these parties as described in 28 U.S.C. 1332(a)(1).

2. <u>The Amount Is Controversy Is Plausibly In Excess Of $75,000</u>

Plaintiff did not claim a sum certain in the Complaint or put any numerical value on her alleged damages. Walmart endeavored to discern the numerical value of Plaintiff's claim via various means, but Plaintiff was not forthcoming with such information. Plaintiff did represent in response to the discovery that as a consequence of the incident, his "right leg [was] broken in two areas," and he sustained five total fractures, plus lost wages and possible other related damages. The plaintiff alleges Walmart is responsible for all his claimed injuries and damages. Ex. B. . Based on this information, Walmart can reasonably and intelligently conclude that the amount in controversy in this matter is more than $75,000, exclusive of interest and costs.

3. <u>Walmart's Notice Of Removal Is Timely</u>

Walmart is filing this Notice within 30 days of service of discovery in the state court action revealing the nature and extent of Plaintiff's claimed injuries; therefore, this Notice is timely under 28 U.S.C. § 1446(b)(1).

///

///

///

///

B. <u>Walmart's Notice Of Removal Complies With All Applicable Local And Federal Procedural Rules Attendant To Removal</u>



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

1. <u>This Notice And Accompanying Documents Satisfy LCR 101</u>

Pursuant to LCR 101(b), in cases removed from state court, the removing defendant shall file contemporaneously with the notice of removal:

(1) A copy of the operative complaint, which must be attached as a separate "attachment" in the electronic filing system and labeled as the "complaint" or "amended complaint."

(2) A certificate of service which lists all counsel and pro se parties who have appeared in action with their contact information, including email address.

(3) A copy of any Jury Demand filed in the state court must be filed as an attachment and labeled "Jury Demand."

In addition to the foregoing, the removing defendant(s) shall, within 14 days of filing this Notice, or contemporaneously, file with the clerk of this Court black-on-white copies of all additional records and proceedings in the state court, together with verification that they are true and complete copies. LCR 101(c).

Walmart has filed and/or otherwise provided true and complete copies of all of the above-referenced documents as required under local rules, including copies of all records and proceedings filed in the state court proceeding removed by this petition. *See* **<u>Exhibit E</u>**. These documents/exhibits constitute and contain the entirety of the records and proceedings filed in Kitsap County Superior Court as of the date of filing this Notice.

2. <u>Both The Federal And State Courts Are On Properly Notice Of This Removal Action</u>

This Notice is properly filed in the United States District Court for the Western District of Washington because this Court embraces Kitsap County, the county in which the state court action is now pending. *See* 28 U.S.C. §§ 128(b) and 1441(a).



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

Pursuant to 28 U.S.C. §§ 1446(d), Walmart is filing a copy of this Notice with the Clerk of the Kitsap County Superior Court and is also serving a copy of this Notice on Plaintiff's counsel of record in the state court action.

VI. CONCLUSION

Walmart hereby removes this matter from the Kitsap County Superior Court to the United States District Court for the Western District of Washington. By seeking removal, Walmart does not waive any defenses, including but not limited to lack of personal jurisdiction, insufficiency of process, or insufficiency of service of process.

DATED this 16th day of August 2022.

WILLIAMS, KASTNER & GIBBS PLLC

*s/ Eddy Silverman*
Rodney L. Umberger, WSBA No. 24948
Eddy Silverman, WSBA No. 53494
Gabrielle K. Lindquist, WSBA No. 57177

Two Union Square
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Phone: 206.628.6600
Fax: 206.628.6611
Email: rumberger@williamskastner.com
esilverman@williamskastner.com
glindquist@williamskastner.com

***Counsel for Defendant Walmart Inc.***

**CERTIFICATE OF SERVICE**

The undersigned certifies under penalty of perjury under the laws of the State of Washington that on the date indicated below; I caused service of a true and correct copy of the foregoing document in the manner indicated below to:

| | |
|---|---|
| Shelbi Eller, WSBA #56981<br>DRIGGS BILLS & DAY, PLLC<br>2125 Western Ave., Ste. 500<br>Seattle, WA 98121<br>Phone: (206) 607-9098<br>Fax: (206) 641-3214<br>Email: seller@advocates.com<br><br>***Counsel for Plaintiff*** | ☒US Mail<br>☒Email |

DATED this 16th day of August 2022.

WILLIAMS KASTNER & GIBBS PLLC

*s/ Ryan McDade*
Ryan McDade, Legal Assistant
rmcdade@wkg.com



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600