UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK MORITZ,

                Plaintiff,

v.

WAL-MART, INC.,

                Defendants.

Case No. 3:22-cv-5595-TLF

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION TO COMPEL

This matter comes before the Court on Defendant Walmart, Inc.'s motion for summary judgment (Dkt. 18) and Plaintiff Mark Moritz's motion to compel discovery and extend the discovery end date to November 1, 2023 (Dkt. 26). After considering the parties' briefing and the remaining record, the Court GRANTS Defendant's motion for summary judgment and DENIES Plaintiff's motion to compel and request to extend the discovery end date. Plaintiff's complaint is dismissed with prejudice.

## PROCEDURAL HISTORY

This slip and fall negligence action arises out of an injury sustained by Plaintiff, Mr. Moritz, while at a Walmart store in Poulsbo, Washington. On June 6, 2022, Mr. Moritz filed a complaint in Kitsap County Superior Court. Dkt. 1-2. Mr. Moritz asserts a negligence action as a business invitee of Walmart. *Id*. On August 16, 2022, Walmart removed the action to this Court, under this Court's diversity jurisdiction. Dkt. 1. On May 15, 2023, Walmart moved for summary judgment. Dkt. 18. Mr. Moritz responded on May

26, 2023. Dkt. 21. Mr. Moritz subsequently also moved to compel the depositions of Evelyn Wagner and Debra Conway from Walmart and to extend the discovery end date to November 1, 2023. Dkts. 26, 27. Plaintiff satisfied the meet and confer requirement under Local Civil Rule 37. *See* Dkt. 26-1, Declaration of Shelbi Eller, at ¶7.

## BACKGROUND

On February 6, 2022, Plaintiff was walking to the self-checkout area of the Walmart with his shopping cart when he slipped and fell on the floor and consequently sustained an injury to his leg. An ambulance was called shortly thereafter. Dkt. 18, Declaration of Eddy Silverman, Ex. G at 8.

Plaintiff testified that he believed it was water on the floor that caused him to slip and fall, but he did not actually see any liquid (or other substance) on the floor while he was walking and before he fell. *See* Dkt. 18, Declaration of Eddy Silverman, Exh. E at 61:7-21. When asked during his deposition why he assumes it was water on the floor even though he did not actually see the water, Mr. Moritz responded, "My wife said when I got home she took the coat and the back of it was all wet." *Id.* at 61:7-21. Plaintiff's wife, Kari Moritz, testified that she spotted white stains on the sleeves of Mr. Moritz's coat weeks later and then washed his coat. *See* Dkt. 18, Declaration of Eddy Silverman, Ex. F at 25:9-15. She stated that she did not see anything on his coat or on his sleeves at or around the time of the incident. *Id.* at 26:2-6.

Photographs of the aisle taken after Plaintiff's fall show there was no liquid on the floor where Plaintiff fell. *See* Dkt. 18, Declaration of Eddy Silverman, Exh. C. Walmart provided video surveillance from the date of Mr. Moritz's incident; the video surveillance was not clear enough (given the angle of the camera) to show whether there was liquid

ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S
MOTION TO COMPEL - 2

or other debris in the aisle where Mr. Moritz fell, but it did show another customer walking the same aisle as Mr. Moritz a second before him. *See* Dkt. 18, Declaration of Eddy Silverman, Exh. B at 6:19:43-45. It did not appear from the video surveillance that the other customer slipped or hesitated in any way. Finally, Walmart also took several witness statements from employees after the fact. None of the employees witnessed Mr. Moritz fall. *See* Dkt. 18, Declaration of Eddy Silverman, Exh. G.

## DISCUSSION

A. <u>Summary Judgment Standard</u>

In a case based on diversity jurisdiction, the court applies state substantive law, but applies federal procedural law. *Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 426-427 (1996). Summary judgment is supported if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views facts in the light most favorable to the nonmoving party and resolves ambiguity in that party's favor, but it must not make credibility determinations or weigh evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 255 (1986); *Bator v. Hawaii*, 39 F.3d 1021, 1026 (9th Cir. 1994). Even if the material facts are largely undisputed, summary judgment may still be improper if "the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999). The moving party has the initial burden to show

ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S
MOTION TO COMPEL - 3

the lack of a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that party succeeds, the burden shifts to the nonmoving party to demonstrate there is an issue for trial. *See id.* at 323–24. In response to the motion for summary judgment, the nonmoving party is required to present specific facts, and cannot rely on conclusory allegations. *Hansen v. U.S.*, 7 F.3d 137, 138 (9th Cir. 1993). The Court must determine whether the specific facts that are presented by the non-moving party, considered along with undisputed context and background facts, would show that a rational or reasonable jury might return a verdict in the non-moving party's favor based on that evidence. *Emeldi v. University of Oregon*, 698 F.3d 715, 728-29 (9th Cir. 2012).

Rule 56(d) of the Federal Rules of Civil Procedure provides a procedure by which a party may avoid summary judgment when such party has not had sufficient opportunity to discover affirmative evidence necessary to oppose the motion. *See Garrett v. San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987). In particular, Rule 56(d) provides that a court may deny a summary judgment motion and permit the opposing party to conduct discovery where it appears that the opposing party, in the absence of such discovery, is unable to present facts essential to opposing the motion. Fed. R. Civ. P. 56(d).

A pending discovery motion is sufficient to raise a question as to whether the party opposing summary judgment should be permitted additional discovery, even if no request under Rule 56(d) has been made. *See Garrett*, 818 F.2d at 1518 (finding that the district court erred in dismissing a pending motion for discovery as moot without

ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S
MOTION TO COMPEL - 4

considering the merits after granting summary judgment). Given that Plaintiff subsequently filed a motion to compel, the Court will consider both motions together.

B. Negligence

Mr. Moritz asserts that he slipped and fell in a liquid. He did not notice any water or liquid on the floor prior to his fall, nor did he have personal knowledge of how long the alleged liquid had been on the floor.

In Washington, "[a] cause of action for negligence requires the plaintiff to establish (1) the existence of a duty owed, (2) breach of that duty, (3) a resulting injury, and (4) a proximate cause between the breach and the injury." *Johnson v. Liquor & Cannabis Bd.*, 197 Wash. 2d 605, 611 (2021) (quoting *Tincani v. Inland Empire Zoological Soc'y*, 124 Wash. 2d 121, 127–28 (1994)). "Negligence is generally a question of fact for the jury, and should be decided as a matter of law only 'in the clearest of cases and when reasonable minds could not have differed in their interpretation' of the facts." *Bodin v. City of Stanwood*, 130 Wash. 2d 726, 741 (1996) (quoting *Young v. Caravan Corp.*, 99 Wash. 2d 655, 661 (1983)). If any of these elements cannot be met as a matter of law, summary judgment for the defendant is proper.

    1. Duty

"Existence of a duty is a question of law." *Vargas v. Inland Washington, LLC*, 194 Wash. 2d 720, 730 (2019) (quoting *Hertog v. City of Seattle*, 138 Wash. 2d 265, 275 (1999)). According to premises liability theory, "the duty of care landowners owe to persons entering upon their land is governed by whether the person is a trespasser, a licensee, or an invitee." *Van Dinter v. City of Kennewick*, 121 Wash. 2d 38, 41 (1993).

ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S
MOTION TO COMPEL - 5

The parties do not dispute Plaintiff's status as a business invitee while he was shopping at Walmart. Dkt. # 6 at ¶9. A business invitee is "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." Restatement (Second) of Torts § 332 (Am. L. Inst. 1965). *See id.* cmt. a (business invitees include "customers in shops"); *see also Beebe v. Moses*, 113 Wash. App. 464, 467 (2002) ("Washington has adopted the definition of an invitee in the Restatement (Second) of Torts § 332.").

For invitees, the Washington Supreme Court has often applied the set of duties set forth in the Restatement (Second) of Torts § 343:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

See *Johnson v. Liquor & Cannabis Bd.*, 197 Wash. 2d 605, 612 (2021)(quoting Restatement (Second) of Torts § 343).

Under this criterion for evaluating whether a duty exists, Walmart owed Mr. Moritz a duty to exercise reasonable care to protect Plaintiff from an unreasonable risk of harm. *See*, Section 343 of the Restatement of Torts (Second).. The parties do not dispute this.

ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S
MOTION TO COMPEL - 6

2.  Breach

Breach is generally an issue for the trier of fact, but courts may resolve the question of a defendant's breach as a matter of law "if reasonable minds could not differ." *Vargas*, 194 Wash. 2d at 730 (quoting *Hertog*, 138 Wash. 2d at 275).

Determining whether an unreasonably dangerous condition existed is not automatic. This is especially true in slip and fall cases. "It is well established in the decisional law of this state that something more than a slip and a fall is required to establish ... the existence of a dangerous condition." *Brant v. Mkt. Basket Stores, Inc.*, 72 Wn.2d 446, 448 (1967). "[O]ne cannot establish the existence of a dangerous condition merely by proving "that [one] slipped and fell on a wet floor." *Id.* at 451. *See also Charlton v. Toys "R" Us—Delaware, Inc.,* 158 Wn. App. 906, 913-14 (2010) (Plaintiff failed to present any evidence that the floor in the entryway of the Toys R Us store presented an unreasonable risk of harm when wet. For that reason alone, summary judgment was proper.); *Brant v. Market Basket Stores, Inc.*, 72 Wn.2d 446, 450 (1967) ("A wet cement surface does not create a condition dangerous to pedestrians. It is a most common condition, and one readily noticed by the most casual glance.")

Mr. Moritz did not submit any evidence that a liquid was actually present in the aisle where he fell. There is no evidence in the record that there was *any* water or other liquid on the floor when he fell, or – even if such liquid existed in that location, that there was an uncommon or unreasonable amount of liquid on the floor. Mr. Moritz himself did not notice whether anything was on the floor. Further, although the video surveillance was not clear enough to show whether there was in fact anything on the floor before Mr.

ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S
MOTION TO COMPEL - 7

Moritz walked down the aisle, the surveillance shows other patrons walking down the same aisle as Mr. Moritz without slipping. One of those patrons walked down the same path as Mr. Moritz only a second before him.

Other than the fall itself, Mr. Moritz did not provide any other evidence to show that there was an unreasonably dangerous condition present. *See e.g., Johnson v. Liquor & Cannabis Bd.*, 21 Wash. App. 2d 1041 (2022), *review denied*, 200 Wash. 2d 1029 (2023) (finding that neither a "slippery when wet" sign nor the fact that plaintiff slipped are evidence of an unreasonably dangerous condition.)

Mr. Moritz appears to be conflating the elements of negligence in his response to Walmart's motion for summary judgment. Plaintiff argues that a dangerous condition was created due to Walmart's defective floor and safety plan whereby it was foreseeable that a customer could slip and fall. Dkt. 21 at 9. Plaintiff, however, has not provided evidence that there was an unreasonably dangerous condition present to begin with. If evidence showed that an unreasonably dangerous condition had been present, then the Court would undertake an analysis of the next element -- whether there was evidence that Walmart had either actual or constructive notice of the condition. Only if actual or constructive notice could be proved, then the evidence of safety procedures of this Walmart location would be potentially relevant. *See* Section 343 of the Restatement of Torts (Second).

Plaintiff has not produced evidence to show the existence of an unreasonably dangerous condition; as a matter of law, the Court finds no reasonable juror would be able to conclude in plaintiff's favor on the element of breach of duty; therefore, no reasonable juror would be able to find that defendant would be liable. The Court has

considered the specific facts presented by Plaintiff, the non-moving party, along with undisputed context and background facts. A rational or reasonable jury could not reasonably infer there was an unreasonably dangerous condition present and therefore could not – as a matter of law -- return a verdict in the non-moving party's favor based on that evidence. *Emeldi v. University of Oregon*, 698 F.3d 715, 728-29 (9th Cir. 2012).

Finally, the Court finds Plaintiff's motion to compel unpersuasive. Plaintiff seeks to take the depositions of Darla Conway, an employee of the Poulsbo, Walmart, and Evelyn Wagner, the current manager of the Poulsbo, Walmart, to provide more insight on this specific Walmart's floor and safety plan. Dkt. 26 at 6. Plaintiff states that he has the "right to depose those fact witnesses to determine how those policies, are being implemented specifically in the storefront where Plaintiff fell, and the only way to determine that is to depose those witnesses who were working there at the time of the incident, and were in charge of making sure Walmart's safety procedures were being followed as they were outlined in the 30(b)(6) deposition." Dkt. 26 at 6.

Neither Ms. Wagner nor Ms. Conway were witnesses to the incident. Ms. Wagner was also not an employee at Poulsbo, Walmart at the time of this incident. Further, this assumes Plaintiff has met his burden of showing that there was in fact an unreasonably dangerous condition on the floor, and as discussed above, the Court finds that he has not. Plaintiff has not identified any other specific reason why these depositions are necessary for his case. Therefore, Plaintiff's motion to compel is DENIED.

# CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel is DENIED and Defendant's motion for summary judgment is GRANTED. Plaintiff's complaint is dismissed with prejudice.

Dated this 25th day of July, 2023.

Theresa L. Fricke
United States Magistrate Judge